## CHRISTOBAL MORALES AVILA

*v.*

## ANTONIO FANTAUZZI.

San Juan, Law, No. 895.

As to Previous Accident to Chauffeur.

Automobile—Liability of Owner.

> Under the Porto Rico Civil Code, § 1803, the owner of an automobile who is in it and in personal control is liable for an accident due to the negligence of the chauffeur. Section 1804 as to liability for employees does not apply. Velez v. Llavina, 18 P. R. R. 634, distinguished.

Opinion filed June 28, 1913.

*Mr. N. B. K. Pettingill* for plaintiff.

*Messrs. Hartzell & Rodriguez Serra* for defendant.

Hamilton, Judge, delivered the following opinion:

This brings up an important question, and it will have to be decided right now. The question asked in one view of it is relevant, and in another view is not relevant, and, of course, the

Note.—The authorities on the question of the liability of owner where automobile is being driven by chauffeur under orders of a member of family are discussed in notes in 41 L.R.A.(N.S.) 778, and 50 L.R.A.(N.S.) 63.

Avila v. Fantauzzi.

court has to decide the point. The case to which reference was made was between an automobile company and a trolley company, and is not a precedent in this particular case. That was where there was an automobile which was employed for business purposes, as I recollect it now, and that would come under this provision: "Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees, etc." (Civil Code, § 1804.) The defense set up in that particular case, as pointed out by the demurrer, was the employment of a competent chauffeur, and I held on demurrer that that was not sufficient; that the plaintiff must go further; that the good father of a family would not be content, and could not at law be held content, with employing a good servant, but must go further and supervise the servant all through his employment. That particular case, therefore, is not germane. This brings up an unfortunate situation right now. The decisions of this court are not yet published, and there is no way of getting at them; however, I can restate the point here.

If I understand the undisputed facts of this case,—and if I state them incorrectly I will be glad to be corrected,—here was a private automobile used by the defendant for his own private purpose, and is in no sense a business concern, and, under my view of the law, it does not come under § 1804 of the Civil Code. That gives certain exceptions where parties are excused from liability when they use the diligence of a good father of a family. I do not think this impairs in the slightest the preliminary obligation imposed by § 1803, that any person who, by an act or omission, causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done. Section 1804 is an exception of certain four

Avila v. Fantauzzi.

or five classes, and shows how they may escape liability, but it leaves the general rule that a person is liable for his own acts.

The question in this case would be the liability of the owner of an automobile who is present in the automobile, is in personal control of the automobile, the chauffeur, and everything connected with the automobile, and, if that is true, I should hold that it makes no difference about the diligence of a good father of a family. In other words, it is not a representative capacity that the owner of the automobile is in, but a personal capacity; that a chauffeur under such circumstances is for all practical purposes a part of the machinery of the automobile. The owner of the automobile could as well set up that there was something the matter with the brake that he did not know about when the automobile perhaps crashed into someone and injured him. I do not think that would excuse him. It might perhaps reduce the damages.

But my view of this case—and it is identical with what has been held in another case which, unfortunately, neither counsel is aware of—is that the owner of an automobile who is there present is to be held in the actual personal control of the machine, and is liable for anything that is done by the chauffeur just as much as if he did it himself. A case might happen where the owner was near and could not direct it, and then it would not apply.

So that is the decision of the court, and, in that view of it, the question of whether the owner employed a careful chauffeur or not would not be relevant, and consequently whether there had been any previous accident or not would not be relevant. I am perfectly aware that counsel has cited the Porto Rican case I hold in my hand, as opposed to this view; but I do not think

Avila v. Fantauzzi.

that it is. If I understand the case, this was one where the owner was not present. It is not perhaps in the opinion, but it seems to be conceded that it is in the facts of the case, and the decision throughout was rendered upon that state of facts. In that aspect of it, this case is doubtless a very high authority. It would not be necessary to discuss whether it would be authority for another state of facts. That does not arise upon this opinion. I do not think that it applies to the case at bar. So I do not express any disagreement at all with the case of Velez v. Llavina, 18 P. R. R. 634.

In expressing these views, I am perfectly aware that I am deciding a point that has not been decided before, that is, in Porto Rico, and that I should not decide it except after careful consideration. At the same time I do not know any other way to decide a case except as the points come up, and I make this decision, feeling sure that I am right; but if it should have any effect on the case, and counsel wish to raise it by a later motion, I will be very glad to have it discussed where we have more authorities. I do not know of anything to do except to decide a motion when it is before me.

The objection, therefore, is sustained to the question as to whether the chauffeur had had a previous accident.